Kamran Khakbaz (State Bar No. 328911)
**KHAKBAZ LAW**
2018 N St., #10892
Sacramento, CA 95816
T: (949) 208-0133
kamran@khakbazlaw.com
service@khakbazlaw.com

Attorneys for Plaintiff
DONNA FISCHER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA FISCHER, *an individual*,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BRITISH AIRWAYS PLC, *a foreign corporation*; AMERICAN AIRLINES, INC., *a Delaware corporation*; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. Violation of Convention for the Unification of Certain Rules Relating to International Carriage by Air, Art. 1, *et seq.* (*Montreal Convention*)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

　　COMES NOW Plaintiff DONNA FISCHER for claims against Defendants BRITISH AIRWAYS PLC, AMERICAN AIRLINES, INC. and DOES 1 through 10, inclusive, and complains and alleges upon information and belief as follows:

1

**COMPLAINT**

**PARTIES**

1. Plaintiff DONNA FISCHER ("Plaintiff") has at all times relevant to this action, resided in Orange County, California.

2. Plaintiff is informed and believes, and thereon alleges that Defendant BRITISH AIRWAYS PLC ("British Airways") is a corporation organized and existing under the laws of England, United Kingdom, with its principal place of business in Harmondsworth, London, England.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant AMERICAN AIRLINES, INC. ("American Airlines") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names DOES 1 through 10, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants DOES 1 through 10, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility, therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants DOES 1 through 10, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

5. British Airways, American Airlines and DOES 1 through 10, shall collectively be referred to in this Complaint as "Defendants" when applicable.

6. Plaintiff is informed, believes, and there upon alleges that each of the Defendants is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

**JURISDICTION & VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and the complete preemption doctrine because the Montreal Convention constitutes a "treat[y] of the United States" and preempts state law claims otherwise available to Plaintiff.

8. This Court also has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) and (c) because Plaintiff resides in and is a citizen of a different state than each of Defendants, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

9. This Court also has jurisdiction over this action pursuant to Article 33 of the Montreal Convention.

10. This Court has jurisdiction over Defendants because, upon information and belief, each have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by this Court consistent with traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because a substantial part of the events that give rise to this action occurred in this judicial district, and pursuant to Article 33 of the Montreal Convention.

//
//
//
//
//
//
//
//
//

**GENERAL ALLEGATIONS**

12. On September 18, 2023, Plaintiff Donna Fischer ("Plaintiff") arrived at Los Angeles International Airport ("LAX") to take the first leg of her journey to Lisbon, Portugal, from which she was set to embark on a long overdue European cruise vacation with her spouse and friends.

13. Plaintiff's round trip international flights were purchased through American Airlines. Because of the affiliation between American Airlines and British Airways (which, on information and belief, were at all times relevant herein "partner" airlines under the Oneworld Alliance umbrella), Plaintiff's two-leg flights to Europe were operated by British Airways, whereas her two-leg return flights to the United States were operated by American Airlines.

14. More specifically, Plaintiff was a ticketed passenger and traveled on the following flights to Europe:

(a) British Airways flight no. BA0280, which departed from LAX on September 18, 2023 and arrived at Heathrow Airport ("LHR") in London, England; and

(b) British Airways flight no. BA0518, which departed from LHR on September 19, 2023 and arrived at Lisbon International Airport ("LIS") in Lisbon, Portugal.

15. Plaintiff was a ticketed passenger and traveled on the following return flights to the United States:

(a) American Airlines flight no. AA 41, which departed from Barcelona Airport ("BCN") in Barcelona, Spain on October 4, 2023 and arrived at O'Hare International Airport ("ORD") in Chicago, Illinois; and

(b) American Airlines flight no. AA 1179, which departed from ORD and arrived at John Wayne Airport in Santa Ana, California on October 4, 2023.

16. Plaintiff is informed and believes, and thereon alleges, that upon the arrival of British Airways flight No. BA0280 at LHR (which aircraft, on information

and belief, was a wide-body Boeing 777) an *accident* (or series of *accidents*) within the meaning of Article 17 of the Montreal Convention occurred. More specifically, Plaintiff is informed and believes, and thereon alleges, that due to unexpected and/or unusual operational issues with the aircraft, gate unavailability, jet bridge unavailability, scheduling issues relating to the delayed arrival of the aircraft, and/or scheduling issues relating to the use of the aircraft on a subsequent flight, British Airways forced passengers to disembark the aircraft using a mobile staircase that led passengers from the aircraft's doorway to the tarmac – as opposed to a jet bridge or similar contraption that British Airways could have and would have typically used to disembark passengers from similarly sized aircrafts. Plaintiff is further informed and believes, and thereon alleges, that British Airways:

(a) Failed to adequately manage and oversee the disembarkation process;

(b) Failed to provide passengers with alternative options for disembarking the aircraft (i.e., other than by using the mobile staircase);

(c) Failed to utilize a mobile staircase that conformed with applicable industry customs, standards and/or law;

(d) Failed to advise disembarking passengers in advance of the variability of the riser heights of the steps of the mobile staircase (most notably the greater riser height of the staircase's last step) and the absence of supporting railing at the end of the staircase;

(e) Failed to provide a mobile staircase that conformed with the expectations of a reasonable passenger with ordinary experience in commercial travel, including (but not limited) to a passenger's expectations regarding the surface and condition of the steps, the riser heights of the steps (and corresponding variance), and the accessibility of railings for passengers' use and support (most notably at the end of the staircase); and

(f) Failed to have adequately trained personnel at the bottom of the mobile staircase to assist passengers with managing (or to otherwise inform passengers regarding) the variance in the riser height of the last step of the staircase and the absence of appropriate support mechanisms at the bottom of the staircase.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants were the owners, lessees, operators or entities in control of the mobile staircase at issue.

18. Plaintiff is informed and believes, and thereon alleges, that as a direct and proximate result of the aforementioned conduct of British Airways (i.e., the *accidents* and/or series of *accidents* alleged in the preceding paragraphs), and BA's negligence and other misconduct, Plaintiff fell on the mobile staircase while disembarking the aircraft at LHR, sustaining major bodily and emotional injuries as a result therefrom. The injuries which Plaintiff sustained as a result of the fall include, but are not limited to: significant short and long term physical pain and swelling of her left and right legs and feet; structural and other damages to the tendons, ligaments and muscles of Plaintiff's left and right legs and feet; a potential blood clot in one or both of Plaintiff's legs; and severe emotional distress, pain and suffering – all of which required extensive medical intervention, treatment and care.

//
//
//
//
//
//
//
//

## FIRST CAUSE OF ACTION

**Violation of Convention for the Unification of Certain Rules Relating to International Carriage by Air, Art. 1, *et seq.* (*Montreal Convention*)**

**(Against Defendants British Airways, American Airlines and DOES 1 - 10)**

19. Plaintiff refers to and incorporates herein by reference the previous paragraphs as though fully set forth herein.

20. The Montreal Convention "applies to all *international carriage* of persons, baggage, or cargo performed by aircraft for reward."

21. Defendants were engaged in the international carriage of Plaintiff by aircraft for reward at the time Plaintiff sustained her aforementioned injuries. Plaintiff's injuries were sustained while she was disembarking British Airways flight number BA0280 at LHR. Plaintiff's injuries and damages were caused by the aforementioned *accident* or series of *accidents* (which comprise unexpected or unusual events or happenings external to Plaintiff).

22. Pursuant to the Montreal Convention, Defendants are strictly liable for Plaintiff's damages under Article 17, which damages exceed 100,000 Special Drawing Rights.

23. Additionally, Plaintiff is informed and believes, and thereon alleges, that American Airlines is a "contracting carrier" in connection with British Airways flight no. BA0280, and therefore mutually/concurrently liable with British Airways for Plaintiff's injuries and damages pursuant to Article 41 of the Montreal Convention.

24. Furthermore, Defendants breached their duty to exercise reasonable care as to Plaintiff by way of the aforementioned *accident(s),* actions and omissions, which directly and proximately harmed Plaintiff.

25. On information and belief, and as a direct and proximate result of the aforementioned *accident(s)* and Defendants' actions and omissions, Plaintiff has suffered permanent injury and damages, which include, but are not limited to the following: (i) bodily injury and resulting acute and long term pain, suffering,

disability and disfigurement; (ii) mental anguish and emotional distress; (iii) loss of capacity for the enjoyment of life; (iv) loss of consortium; (v) inability to enjoy and frustration of the purpose of Plaintiff's European cruise vacation, the entirety of which Plaintiff spent with minimal mobility in a wheelchair; and (vi) significant costs and expenses relating to her past and future hospitalization, medical care/treatment, and physical therapy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and DOES 1 through 10, inclusive, and each of them, jointly and severally, as follows:

1. For general and special damages in an amount in excess of the jurisdictional minimum and in accordance with proof;
2. For restitution and other equitable relief available under applicable law;
3. For an award to Plaintiff of costs of suit, litigation expenses, and reasonable attorneys' fees, to the extent permitted by applicable law;
4. For pre- and post-judgment interest at the prevailing statutory rates; and
5. For such other relief as the Court may deem proper.

DATED: September 17, 2025            **KHAKBAZ LAW**

By: *Kamran Khakbaz*
_____
KAMRAN KHAKBAZ
*Attorneys for Plaintiff*
DONNA FISCHER

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: September 17, 2025        **KHAKBAZ LAW**

By: *Kamran Khakbaz*
_____
KAMRAN KHAKBAZ
*Attorneys for Plaintiff*
DONNA FISCHER